UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
WOODMARE CAPITAL LLC and SPRING BREEZE 1 LLC,    Case No. 19-cv-03671

                  Plaintiffs,

                                                          **COMPLAINT**

   - against -

AMAZON CAPITAL SERVICES, INC. and
AMAZON SERVICES LLC,

                  Defendants.
-----------------------------------------------------------------------------X

Plaintiffs Woodmare Capital LLC ("Woodmare Capital") and Spring Breeze 1 LLC ("Spring Breeze"), by their undersigned counsel, for their complaint against the defendants aver as follows.

### NATURE OF THE ACTION

1. Amazon Capital Services, Inc. ("Amazon Capital"), doing business as Amazon Lending, is *not* a duly perfected secured creditor of a defunct Brooklyn, New York-based vendor of health and wellness goods (*e.g.*, Fitbits) called YGM Group, LLC ("YGM Group"). Reason: Uniform Commercial Code Article 9, including as adopted in New York, imposes a bright-line rule that for a secured creditor to achieve priority vis-à-vis other secured creditors it must file a UCC-1 financing statement with the appropriate authorities *under the name of the debtor*. By imposing the name-of-the-debtor filing requirement, the U.C.C. seeks to ensure that those searching public records may rely upon the search results to determine whether an entity's assets are encumbered. At all pertinent times Amazon Capital did *not* file a UCC-1 under the debtor's name, and thus had no perfected security interest in YGM Group's assets.

2. Plaintiffs Woodmare Capital and Spring Breeze *are* duly perfected secured creditors of YGM Group by assignment. Their collateral includes all, or substantially all, of YGM

1

Group's assets. Because of being duly perfected secured creditors, at all pertinent times the plaintiffs each held a senior security interest and lien upon YGM Group's assets superior to any rights Amazon Capital (and un-perfected secured creditor) had in that collateral.

3. Yet, between December 21, 2017 and March 28, 2018, Amazon Capital, acting in conjunction with Amazon Services LLC ("Amazon Services"), took YGM Group's assets to repay Amazon Capital, thereby leaving Woodmare Capital and Spring Breeze unpaid in contradiction of those creditors' senior rights as duly perfected secured creditors.

4. Amazon Capital and Amazon Services are liable to Woodmare Capital and Spring Breeze for conversion.

## **PARTIES**

5. Woodmare Capital is a limited liability company organized and existing under the laws of the State of New Jersey with a place of business at 575 Route 70, 2nd Floor, Brick, New Jersey 08723.

6. Spring Breeze is a limited liability company organized and existing under the laws of the State of New Jersey with a place of business at Brick Professional Plaza, Suite 113, 1608 Route 88, Brick, New Jersey 08724.

7. Upon information and belief Amazon Capital is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Seattle, Washington.

8. Upon information and belief Amazon Services is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business in Seattle, Washington.

# JURISDICTION AND VENUE

*A. Subject Matter Jurisdiction*

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).

10. The plaintiffs are citizens of New Jersey and Illinois because their members are citizens of those states. Woodmare Capital and Spring Breeze's members actually are not natural persons, but are other limited liability companies (none of which are parties) also organized and existing under the laws of the State of Jersey; and, in turn, the members of those limited liability companies are natural person citizens of the States of New Jersey and Illinois because those natural persons' domiciles are Lakewood, New Jersey and Chicago, Illinois, and all those natural persons are United States citizens.

11. Amazon Capital is a citizen of Delaware and Washington State pursuant to 28 U.S.C. § 1332(a) because it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Seattle, Washington.

12. Upon information and belief, the membership interests of Amazon Services are held by Amazon.com Inc, which is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Seattle Washington. Accordingly, upon information and belief, Amazon Services is a citizen of the States of Delaware and Washington.

13. Because the plaintiffs, on the one hand, are all New Jersey and Illinois citizens; and the defendants, on the other hand, upon information and belief are all Delaware and Washington citizens, there is complete diversity.

B. *Personal Jurisdiction Over Amazon Capital and Amazon Services*

14. Amazon Capital and Amazon Services both use highly interactive commercial websites to knowingly transact business within, and supply goods and services to, the State of New York. Accordingly, this Court has personal jurisdiction over the defendants because of New York's long-arm statue, CPLR 302(a)(1).

15. CPLR 302(a)(3) independently vest this Court with long-arm jurisdiction because the conversion that is the subject of this action depleted the assets of Brooklyn-based YGM Group, in which the plaintiffs held a duly perfected security interest and lien, but in which Amazon Capital did not.

C. *Venue*

16. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because (i) under § 1391(c)(2), a defendant corporation or defendant limited liability company is deemed to reside in any judicial district that may exercise personal jurisdiction over it with respect to an action—here the Eastern District of New York; and (ii) under § 1391(b)(1), both Amazon Capital and Amazon Services reside for venue purposes in this District.

17. An independent basis for venue in this District is 28 U.S.C. § 1391(b)(2) because a substantial part of the (i) events giving rise to the claims in this action occurred in this District; and (ii) property that is the subject of the action was situated in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A. Plaintiffs are Duly Perfected Secured Creditors of YGM Group by Assignment**

18. The plaintiffs each acquired a duly perfected security interest and lien upon YGM Group's assets by assignment agreements.

19. The assignors are entities that provide working capital to businesses through agreements for the purchase of future accounts receivable. Under receivables-purchase financing, the purchaser acquires a portion of a business-obligor's future accounts receivable at a discount, in exchange for an immediate, lump-sum payment to the business.

20. Woodmare Capital's assignor was Unique Funding Solutions LLC ("Unique Funding"). Unique Funding had entered into two receivables purchase agreements with YGM Group, dated August 25, 2017 and September 15, 2017, secured by all, or substantially all, of YGM Group's assets.

21. On October 25, 2017, Unique Funding perfected its security interest by filing a UCC-1 financing statement with the New York Secretary of State, bearing Filing Number 201710256300684.

22. After YGM Group breached its obligations to Unique Funding, judgment was entered in Kings County, New York in favor of Unique Funding and against YGM Group, on October 30 and 31, 2017, in the combined principal amount of $143,436.07.

23. On April 12, 2018, Woodmere Capital LLC acquired pursuant to an assignment agreement all of Unique Funding's rights as to YGM Group, including the duly perfected security interest and lien, and rights under the judgments.

24. Plaintiff Spring Breeze obtained its duly perfected security interest and lien upon YGM Group's assets by assignment in the same manner. Its assignor, Yes Funding Services LLC ("Yes Funding"), entered into a receivables purchase agreement with YGM Group, dated September 11, 2017, secured by all, or substantially all, of YGM Group's assets.

25. On October 31, 2017, Yes Funding perfected its security interest by filing a UCC-1 financing statement with the New York Department of State, bearing Filing Number 201710316323750.

26. After YGM Group breached its obligations to Yes Funding, judgment was entered in Ontario County, New York in favor of Yes Funding, on October 31 and November 1, 2017, in the combined principal amount of $492.470.60.

27. On April 18, 2018, Spring Breeze acquired pursuant to an assignment agreement all of Yes Funding's rights as to YGM Group, including the duly perfected security interest and lien, and rights under the judgments.

28. Although not required to do so, Woodmare Capital and Spring Breeze each filed a financing statement amendment with the appropriate authorities to reflect the assignments, bearing Filing Numbers 201805318248791 and 201804195473432, respectively.

29. Woodmare Capital and Spring Breeze's assignors each fully performed under the applicable receivables purchase agreements.

### B. Amazon Capital was Not a Duly Perfected Secured Creditor of YGM Group at All Pertinent Times

*The 2014 Loan From Amazon Capital to YGM Group*

30. YGM Group first obtained a loan from Amazon Capital in or about April 2014 (the "2014 Loan").

31. The 2014 Loan is not the subject of this action's claims, but is discussed to provide background.

32. On April 24, 2014, Amazon Capital correctly filed a UCC-1 financing statement for the 2014 Loan with the New York Secretary of State, under the name of the debtor, *i.e.*, "YGM Group, LLC", bearing Filing Number 201404245418174.

33. Upon information and belief, Amazon Capital modified, extended, and/or renewed the 2014 Loan at various times, including on or about September 26, 2016.

34. YGM Group fully repaid the 2014 Loan (as modified, extended, and/or renewed) no later than January 19, 2017.

35. On January 19, 2017, Amazon Capital filed a UCC-3 termination statement with the New York Secretary of State, bearing Filing Number 201701195077876, because the 2014 Loan (as modified, extended, and/or renewed) had been repaid in full.

*The February 2017 Loan From Amazon Capital to YGM Group*

36. YGM Group obtained a new loan from Amazon Capital on or about February 4, 2017, in the amount of $500,000 (the "February 2017 Loan").

37. On February 8, 2017, Amazon Capital filed a UCC-1 financing statement for the February 2017 Loan with the New York Secretary of State, bearing Filing Number 201702085157700 (the "2017 Financing Statement").

38. U.C.C. § 9-503, codified in New York as U.C.C. § 9-503, imposes a bright-line rule that for a secured creditor to achieve priority vis-à-vis other secured creditors it must file a UCC-1 financing statement with the appropriate authorities *under the name of the debtor*.

39. By imposing the name-of-the-debtor filing requirement, the U.C.C. seeks to ensure that those searching public records may rely upon the search results to determine whether an entity's assets are encumbered.

40. At all pertinent times the name of the debtor was "YGM Group, LLC".

41. Amazon Capital did *not* file the 2017 Financing Statement under the name of the debtor.

42. The 2017 Financing Statement stated that the name of the debtor is "YGM Medical Supply Group LLC".

43. A search of the New York Department of State's records using the debtor's correct name, "YGM Group, LLC", does not disclose Amazon Capital's 2017 Financing Statement.

44. The 2017 Financing Statement thus is "seriously misleading" within the meaning of U.C.C. § 9-506, codified in New York as U.C.C. § 9-506.

45. Because the 2017 Financing Statement is "seriously misleading", on February 2, 2017, and during all subsequent times, Amazon Capital did *not* have, and never did have, a duly perfected security interest and lien upon YGM Group's assets.

*Subsequent Loans From Amazon Capital to YGM Group*

46. The February 2017 Loan had a term of six months.

47. Rather than making repayment during the original six-month term, on or about March 27, 2017, YGM Group obtained a new loan from Amazon Capital (the "March 2017 Loan").

48. The March 2017 Loan both paid off the February 2017 Loan and provided capital to YGM Group.

49. The March 2017 Loan was in the amount of $500,000, and also contained a six-month term.

50. YGM Group and Amazon Capital entered into two more new $500,000 loan agreements in the same manner, on or about June 5, 2017 and August 15, 2017 (the "June 2017 Loan" and "August 2017 Loan", respectively).

51. The June 2017 Loan in the amount of $500,000 contained (like the prior loans) a six-month term, while the August 2017 Loan was originally for a three-month term.

52. Amazon Capital never filed a UCC-1 financing statement for the March 2017 Loan, June 2017 Loan, and August 2017 Loan.

53. Instead, for the March 2017 Loan, June 2017 Loan, and August 2017 Loan, Amazon Capital relied on the February 2017 Financing Statement.

54. The February 2017 Financing Statement (i) incorrectly stated that the name of the debtor was "YGM Medical Supply Group LLC"; (ii) is not disclosed by searching the New York Department of State's records using the debtor's correct name, "YGM Group, LLC"; and (iii) thus is "seriously misleading" within the meaning of New York U.C.C. § 9-506.

### C. Amazon Capital Converts the Plaintiffs' Collateral to Repay the August 2017 Loan

55. Upon information and belief, Amazon Capital had determined that YGM Group was in breach of the August 2017 Loan between December 21, 2017 and March 28, 2018.

56. Upon information and belief, the amount owed by YGM Group to Amazon Capital during the above time frame was approximately $297,000.

57. Between December 21, 2017 and March 28, 2018, Amazon Services held funds due to YGM Group in excess of $1 million (the "Funds").

58. The Funds consisted of the plaintiffs' collateral.

59. The plaintiffs' rights to the Funds were superior to those of an un-perfected secured creditor such as Amazon Capital.

60. Instead of paying senior secured debt, between December 21, 2017 and March 28, 2018, defendants converted the plaintiffs' collateral by taking Funds in the amount of approximately $297,000 (the "Converted Funds") to pay Amazon Capital (an un-perfected secured creditor), notwithstanding the plaintiffs' duly perfected, senior security interest and lien upon the Funds.

61. The defendants are liable for conversion because of intentionally causing the Converted Funds to be transferred to Amazon Capital even though both defendants knew of YGM Group's duly perfected, senior secured debt.

**FIRST CLAIM AGAINST AMAZON CAPITAL SERVICES, INC.**
**CONVERSION**
**(Incorporating All Previous Allegations)**

62. Because the plaintiffs each held a duly perfected security interest and lien upon the Converted Funds, but the defendants did not, by virtue of the conduct averred above Amazon Capital is liable to the plaintiffs for conversion.

**SECOND CLAIM AGAINST AMAZON SERVICES LLC**
**CONVERSION**
**(Incorporating All Previous Allegations)**

63. Because the plaintiffs each held a duly perfected security interest and lien upon the Converted Funds, but the defendants did not, by virtue of the conduct averred above Amazon Services is liable to the plaintiffs for conversion.

**WHEREFORE**, plaintiffs demand judgment as follows:

a) on the First Claim, for judgment in plaintiffs' favor against Amazon Capital Services, Inc. awarding damages in the principal sum of no less than $297,000, and interest, costs, and disbursements;

b) on the Second Claim, for judgment in plaintiffs' favor against Amazon Services LLC, awarding damages in the principal sum of no less than $297,000, and interest, costs, and disbursements; and

[*continued onto next page*]

    c) such other relief as the Court deems just and proper.

Dated: New York, New York
       June 24, 2019

                                **JONATHAN M. PROMAN, ESQ.**

                                By: */s/ Jonathan M. Proman*
                                      Jonathan M. Proman

                                30 Wall Street, Eighth Floor
                                New York, New York 10005
                                (917) 524-7566
                                jproman@promanlaw.com

                                *Attorney for Plaintiffs*
                                *Woodmare Capital LLC and Spring Breeze 1 LLC*