**JONATHAN M. PROMAN, ESQ.**
30 WALL STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10005
(917) 524-7566
JPROMAN@PROMANLAW.COM

August 23, 2019

**Via ECF and Hand Delivery**

Hon. Nina Gershon
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Woodmare Capital LLC, et al. v. Amazon Capital Services, Inc., et al.*
         Case No. 19-cv-03671 (NG) (SJB)

Dear Judge Gershon:

On behalf of the plaintiffs, Woodmare Capital LLC and Spring Breeze 1 LLC, pursuant to Your Honor's Individual Motion Practices § 3.A., please accept this letter response to the defendants' pre-motion conference request, dated August 16, 2019 [docket no. 8], in this Uniform Commercial Code Article 9 security interest priority dispute involving (i) a Brooklyn borrower's assets (the "Collateral"); (ii) New York Department of State UCC-1 filings made by Amazon Lending in this State determining the extent of its security interest in the Collateral; (iii) the plaintiffs' competing UCC-1s also filed with the New York Department of State, by working capital providers located in this District and New York County; and (iv) substantive law under New York's version of the U.C.C.

### A.  A Traditional Loan to a Brooklyn LLC is the Subject of This Action

Although Amazon is known mostly for internet retail, a traditional loan is the subject of this action—made by Amazon Capital Services Inc. (doing business as Amazon Lending) and serviced by its affiliate, Amazon Services LLC.  Defendants are subject to this Court's personal jurisdiction for three, independent reasons: (i) transacting business in this State pursuant to CPLR 302(a)(1); (ii) contracting to supply services in this State pursuant to CPLR 302(a)(1); and (ii) committing a tort (conversion of Collateral) causing injury in this State pursuant to CPLR 302(a)(3).

### B.  Defendants Transacted Business and Supplied Services in This State

Lending to a Brooklyn entity and filing UCC-1s with the New York Department of State, by themselves, not only invoke New York's long-arm jurisdiction under CPLR 302(a)(1), but provide minimum contacts.  *United States v. Johnson*, 2016 U.S. Dist. LEXIS 60110, at *13–14 (E.D.N.Y. May 2, 2016) ("… there is personal jurisdiction over [the Michigan defendant] by virtue of his filing of [a UCC-1] Financing Statement in New York State … [because] [t]he filing is sufficient to purposefully avail himself of the privilege of conducting business in New York."); *New York Islanders Hockey Club, LLP v. Comerica Bank–Texas*, 71 F.Supp.2d 108, 114 (E.D.N.Y. 1999)

Hon. Nina Gershon
Page 2 of 3

("This single act of lending [by a Texas bank], coupled with several telephone calls into New York by [the bank] concerning the funding of the purchase, is sufficient under New York law to constitute 'transacting business' by [the bank] in New York State.") (citation omitted); *see also Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 170 (2d Cir. 2013) (CPLR 302(a)(1) personal jurisdiction and minimum contacts will almost always exist together).

Although the loan and UCC-1s, by themselves, vest this Court with personal jurisdiction, that result is all the more compelled because, unlike bricks-and-mortar lenders, Amazon Lending captures business primarily (or exclusively) through an interactive commercial website, through which the Brooklyn borrower interacted with Amazon from Brooklyn, and which -- as case law has shown -- independently (unlike a passive website providing information only) invokes CPLR 302(a)(1) personal jurisdiction. *EnviroCare Techs., LLC v. Simanovsky*, 2012 U.S. Dist. LEXIS 78088, at *9 (E.D.N.Y. 2012) ("[I]f a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York and is therefore subject to the court's jurisdiction.") (citations omitted). Although making a traditional loan to a Brooklyn entity and filing UCC-1s invoke long-arm jurisdiction, defendants' website is a separate, independent basis for CPLR 302(a)(1) personal jurisdiction.

Defendants' mighty emphasis on Seattle does not affect long-arm jurisdiction or minimum contacts. *First*, New York UCC-1 filings determine secured creditors' competing rights to the Collateral, not a Seattle office or personnel. N.Y. U.C.C. LAW § 9-301(a) ("… while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral."); § 9-322(a)(2) ("A perfected security interest … has priority over a conflicting unperfected security interest ...."). *Second*, the plaintiffs' competing UCC-1s were also filed with the New York Department of State. A lender cannot after-the-fact of making a loan to a Brooklyn limited liability company and filing New York UCC-1s, thereby availing itself of doing business in New York, effectively take a New York transaction out of the jurisdiction of this State because of placing personnel in an out-of-state office to administer the loan. *EnviroCare Techs., LLC v. Simanovsky*, 2012 U.S. Dist. LEXIS 78088, at *6 (E.D.N.Y. June 4, 2012) ("A party need not be physically present in the state for the court to obtain personal jurisdiction.") (citing *Chloé v. Queen Bee of Beverly Hills, L.L.C.*, 616 F.3d 158, 169 (2d Cir. 2010)).

Amazon Capital is an unperfected secured creditor under New York law because its New York UCC-1 filing is seriously misleading within the meaning of N.Y. U.C.C. LAW § 9-506. Amazon Capital's UCC-1 did <u>not</u> put the world on notice of a security interest because it did not meet N.Y. U.C.C. LAW § 9-503(a)(1)'s requirement to correctly state the name of the debtor, thereby making Amazon's UCC-1 <u>not</u> locatable when searching New York Department of State records to determine whether the obligor's assets are encumbered. In contrast, the plaintiffs, by assignment, <u>are</u> duly-perfected secured creditors because their UCC-1s, also filed with the New York Department of State, state the debtor's name as required by § 9-503(a)(1). Failure to put the world on notice of a security interest subordinates Amazon's rights in the Collateral to those of duly-perfected secured creditors such as the plaintiffs pursuant to N.Y. U.C.C. LAW §§ 9-322(a)(2) and 9-506.

When, during August and September 2017, the plaintiffs' assignors evaluated whether the Brooklyn debtor's assets were encumbered, Amazon's Capital's UCC-1 was <u>not</u> locatable by searching the debtor's name—and the consequence is that Amazon's security interest is not duly perfected.

### C. Torts Averred by the Complaint Caused Injury in This State

CPLR 302(a)(3) is an independent basis for personal jurisdiction because the defendants misappropriating the Collateral caused injury not only to the Brooklyn borrower, but directly to the New York working capital providers whose Collateral the defendants had converted. Those working capital providers are located in this District and New York County. The plaintiffs, <u>after</u> defendants converted the Collateral, stepped into the shoes of the New York working capital providers as to a New York injury by acquiring the senior, secured debt and all other rights through assignment agreements. The plaintiffs' New Jersey offices are irrelevant because it is the site of injury that determines personal jurisdiction under CPLR 302(a)(3). The injury occurred in New York because the assignors are located here, their UCC-1s were filed in New York, and the Collateral (including the converted accounts receivable) was located in this State. *In re Washington, Perito & Dubuc*, 154 B.R. 853, 861–62 (Bankr. S.D.N.Y. 1993) (accounts receivable are located where a UCC-1 financing statement has been filed).

### D. Venue in this District is Proper

Personal jurisdiction overcomes venue objections because corporations and limited liability companies, such as defendants, reside for venue purposes in any jurisdiction having personal jurisdiction over that party. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because providing working capital to a Brooklyn entity supported by New York UCC-1s, and converting Collateral located in New York, in which New York working capital providers have senior security interests, comprise substantial events and substantial property in this District.

\* \* \*

General personal jurisdiction is not implicated by this action. The defendants' pre-motion discussion of it is moot.

For the above reasons, this Court has specific personal jurisdiction over the defendants, and venue in this District is proper.

The plaintiffs appreciate the Court's time and consideration.

Respectfully submitted,

*/s/ Jonathan M. Proman*

Jonathan M. Proman

cc: All Counsel of Record (via ECF)